IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                            No. 3:19-cv-346-DPM

ORDER

**1.** The Court held a status conference by videoconference and telephone on 12 March 2021. The Court conferred with counsel on a plan for moving the case to resolution and pending issues. A formal Scheduling Order will issue, but here is the plan, which was agreed in principle.

**2.** Within the next few weeks, the parties will exchange information informally. By 19 March 2021, several steps will be taken. Mr. Darvish will provide electronic copies of all exhibits he has from the December 2018 trial. He will file a notice about what documents he located and provided. Mr. Perkins will order transcripts of all hearings and the trial in *Centennial Bank v. Wood*, Case No. 3:17-cv-226-DPM, which was consolidated with *Robins, et al. v. Wood*, Case No. 3:17-cv-227-DPM. He will also order transcripts from any state-court hearings related to Mrs. Stiny. The Trust will pay for all the certified transcripts. They will all be filed of record. By the end of March, Mr. Darvish will also review his file and provide electronic copies of deposition transcripts, records, and other non-privileged material. Mr. Perkins

will, by the same date, gather and distribute similar materials from Centennial Bank's lawyers. Perkins should also check with Martin Lilly. The Court encourages counsel to consider setting up an electronic document repository with access available to all counsel, and Mr. Elijah Nicholas Stiny, who is *pro se*.

3. The Court orders all parties to participate in a global mediation of all issues as soon as practicable and no later than 30 June 2021. This will be a private mediation. If the parties cannot agree on a mediator, they will nominate candidates and the Court will select one. Joint notice of mediator or nominations due by 15 April 2021.

4. Discovery, informal and formal, will end on 15 July 2021.

5. Dispositive motions, and briefs on construction issues, are due by 15 August 2021. Responses due fourteen calendar days after any motion or brief. Any replies due seven calendar days after any response. No sur-replies.

6. The Court provided notice of the status conference to Mr. Elijah Nicholas Stiny, who is *pro se*. He did not participate. His son, Eli Stiny, attended and stated that his father had been attacked and hospitalized recently, which may have prevented his attendance. Elijah Nicholas Stiny's sister, Georgia Ratzenberger, telephoned Mr. Perkins the morning of the status conference, indicated that Elijah Nicholas Stiny intended to participate, and Perkins provided all the call-in information to her for him.

7. The Court directs Elijah Nicholas Stiny to file a paper by 31 March 2021 confirming his current address and other contact information. The Court also reminds him that he must follow all local and federal Court rules, comply with all this Court's Orders (including on scheduling), and diligently participate in the case. If Elijah Nicholas Stiny does not do these things, the Court may dismiss his contest of the Trust. LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 37(b).

8. As the Court mentioned near the end of the status conference, after this dispute was removed in the late summer of 2017, this Court exercised oversight of Trust assets, income, and expenditures. A complete record of this oversight is on the extensive public dockets in Case No. 3:17-cv-226-DPM and Case No. 3:17-cv-227-DPM. By the end of March, all the parties must familiarize themselves with those readily available materials. Formal discovery seeking these materials is not necessary.

9. The Court extends the deadline for Perkins's seventh status report to 14 May 2021.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 March 2021