IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                  No. 3:19-cv-346-DPM

ORDER

1. Respondent Joann Gates Harris died on 11 June 2020. *Doc. 90.* The unopposed motion, *Doc. 116,* to substitute Wesley Gates, special administrator of the estate of Joann Gates Harris, for her is granted. FED. R. CIV. P. 25; *In re Baycol Products Litigation,* 616 F.3d 778, 782–84 (8th Cir. 2010). The Court directs the Clerk to make this change.

2. The Court appreciates trustee Perkins's seventh status report, *Doc. 119.* No one has objected to it, or to the embedded request for payment of fees and expenses. The fourteen-day period for objections, *Doc. 92 at ¶ 9,* has expired. The Court approves the report, including all listed actions taken and payments made. The requested fees and expenses are reasonable and necessary. The Court therefore authorizes Perkins to pay himself $37,637.77 ($36,978.50 in attorney's fees and $659.27 in expenses) from Regions Bank Account No. XXXX4646. And the Court directs the Clerk to mail Perkins two certified copies of the Order to facilitate payment.

3. Rena Wood died intestate on 9 January 2021. She was survived by her husband Jason and three adult daughters: Chantel Lynn Singh, Summer D'Nea Oldenburg, and Carissa Hope Oldenburg.

At her death, Rena was serving as co-trustee of the Elijah G. and Mary Moore Stiny Trusts. Rena was a beneficiary in addition to a co-trustee. Her co-trustee filed a suggestion of death on 15 January 2021, *Doc. 83*, which was served on all the parties to this long-running dispute about the substantial assets in the Trusts. FED. R. CIV. P. 5. Jason was not served; neither were Rena's daughters; all are nonparties. It is clear, from various matters of record, that they all know about Rena's death, this case, and the substitution issues. Actual notice, though, is often not determinative on substitution issues.

Jason has petitioned the probate court of Trousdale County, Tennessee to open Rena's estate and appoint him administrator. *Doc. 114-1*. That matter is in limbo because of bond-related issues. The probate court opened Rena's estate and appointed Jason, but his appointment is conditioned on posting a $100,000 bond. *Doc. 123-1 & 123-2*. As far as the record in this case reveals, no further action has been taken.

The three Stiny grandchildren move to substitute Jason as Rena's successor in this case so they can pursue whatever claims against her that survived her death. The earliest date that Rule 25's ninety-day period for substitution would run was 15 April 2021. The grandchildren moved to extend that period on 14 April 2021. *Doc. 108*. For good cause, the Court extended the period until 14 May 2021, and

then again until 14 June 2021. *Doc. 109 & 115*. The three Stiny grandchildren's 30 April 2021 motion, *Doc. 114*, was timely.

The Court has moved slowly because it was concerned about the unusual circumstances presented. If Jason had been appointed personal representative of Rena's estate and received his letters of administration, the answer on substitution would be clear. He has been appointed but hasn't posted a bond or received letters yet, so he can't act. And there has been some uncertainty about how to notify Jason of the request for substitution in compliance with Rule 25(a)(3). The Stiny grandchildren sought a summons, but the Court concluded that step was premature. As directed, they have filed proof of good service on Jason by a process server, which satisfies Rule 25(a)(3). *Doc. 121*. Jason was personally served, and the substitution papers were also sent to his lawyer, on 10 May 2021. Jason has not appeared or taken any position on substitution. Rena's daughters have not been served with the motion to substitute.

Should Jason be substituted for Rena? Yes, with some important caveats. *In re Baycol* teaches that the Court can act in these circumstances. 616 F.3d at 784–85. Someone needs to represent Rena's interests and defend against the Stiny grandchildren's claims. Jason has an interest in doing so. Because Rena died intestate, under Tennessee law Jason stands to inherit a 1/3 share of her estate. TENN. CODE ANN. § 31-2-104(a)(2). The other 2/3 of the estate will likely be

divided among Rena's three daughters. TENN. CODE ANN. § 31-2-104(b)(1). So Jason's interest in what happens in this case is predominate, at least insofar as Tennessee law presumes a distribution of Rena's share of the Trusts. The probate court's conditional appointment recognizes his singular position.

The caveats. *First*, Jason will be substituted solely as Rena's successor, not personally. Based on the current pleadings, he has no personal liability for what she may or may not have done. *Second*, this Court is not appointing Jason as personal representative of Rena's estate. This Court has no subject matter jurisdiction over core probate matters. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). *Third*, while Jason is not a co-trustee, in this case he must defend Rena's actions as trustee and co-trustee. The Trusts will therefore pay reasonable attorney's fees for that defense. *E.g.*, Decl. of Trust by Elijah G. Stiny and Mary Moore Stiny, Article Ten at ¶ D, *Doc. 9-1 at 17; see also Doc. 79 at 3–5* in Case No. 3:17-cv-226-DPM (20 March 2018). Motions for those fees should be submitted every sixty days. The Court authorizes a reasonable hourly rate of $250. *Fourth*, Jason need not re-plead or otherwise renew any argument or defense previously asserted to the Stiny grandchildren's counter-petition. The pleadings currently of record inure to him as Rena's successor in this case. He may, of course, seek to amend those pleadings, or object to this Court's personal jurisdiction over him. *Fifth*,

Jason's appointment is conditional. He must consent to this Court's personal jurisdiction. And this Court needs to hear from Rena's daughters about who should be substituted for Rena in this case. (I note that if Waddell, Cole & Jones appears as counsel, it will raise a potential recusal issue that will need ventilating.)

The Court has continued to think about and research the summons issue. The three Stiny grandchildren were correct: the best course, which will ventilate and establish this Court's personal jurisdiction over all the interested non-parties, is to summon them into the case. *E.g., Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971). The Court will go that route now.

* * *

Motion, *Doc. 114*, granted as modified. Jason Wood is substituted conditionally for Rena Wood as "the successor of Rena Wood." The Court directs the Clerk to issue summons to him, Chantel Lynn Singh, Summer D'Nea Oldenburg, and Carissa Hope Oldenburg. Alexis Stiny, Andrew Stiny, and Eli Stiny must serve the summons, the suggestion of death, their motion to substitute, this Order, and their counter-petition on each of them, and file proof of Rule 4 service by 30 June 2021. Any objection to this Court's personal jurisdiction by Jason or Rena's daughters must be filed by 9 July 2021. Any objection to Jason's appointment by any of Rena's daughters must be filed by the same date.

-6-

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 June 2021