IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                No. 3:19-cv-346-DPM

# ORDER

Justin Parkey and Curt Hawkins of Waddell, Cole & Jones recently appeared as counsel for Chantel Lynn Singh and Carissa Hope Oldenburg. They are two of Rena Wood's three daughters, all of whom now have an interest in this litigation because of their mother's death. Justin has long been on my recusal list, and I have many connections with the WCJ firm. Justin was one of my term law clerks at the Arkansas Court of Appeals. He worked for me (I think) from August 2008 to August 2010, coming over with me to this Court in May 2010. He returned to chambers and filled an eight-month gap in 2012 when a Jonesboro-based law clerk left early. As I recall, Justin joined WCJ thereafter. We have remained friends. I have followed his career and family with interest. I know Curt and respect him, but do not recall ever working directly with him. The WCJ firm descends from Barrett, Wheatley, Smith, & Deacon and Barrett & Deacon, where I practiced law for more than fifteen years. I'm friends with the lawyers and staff. Several years ago, one of my children worked one summer at WCJ as a runner. The firm (through my close friend Robert Jones) is handling my sister's estate; I'm not the personal representative, but I'm the sole

heir. I've consulted the firm (and its predecessor) through the years on various personal legal matters.

In the circumstances, my impartiality on future decisions about the merits of this case could reasonably be questioned. 28 U.S.C. § 455(a). I conclude, however, that I could be impartial among all the parties, notwithstanding my connections to Singh and Oldenburg's lawyers. It also weighs on me that this litigation is almost four years old. During that time, I have handled many issues and presided over a week-long trial. See the docket in the closed related cases, 3:17-cv-226-DPM & 3:17-cv-227-DPM. The current iteration of this trust-related litigation has been pending since December 2019. The docket's 128 entries indicate the volume of issues. A new judge will be hard pressed to learn all that has gone before and keep this long-running litigation on track for prompt adjudication, which everyone involved needs. Therefore, if all parties waive any Parkey/Hawkins/WCJ conflict after consulting with counsel and considering the circumstances, I will keep the case. If fewer than all parties waive, I will recuse and the matter will be reassigned to another judge at random.

Do not file any waiver on the docket or otherwise communicate your decision to me. Instead, write a letter directly to the Clerk of Court. In due course, the Clerk will inform me (without any details) whether all parties have waived the conflict. This case has many participants. Each party will therefore have until 23 July 2021 to inform

the Clerk about his or her decision on waiver. In the meantime, because of the nature of this case, I will continue to decide administrative matters that do not touch the merits.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 June 2021