IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                       No. 3:19-cv-346-DPM

ORDER

1. Trustee Perkins's motion to appoint counsel is conditionally granted as modified. The three Stiny grandchildren are challenging some of Perkins's actions as co-trustee. *Doc. 66 at ¶ 118; Doc. 89 at ¶¶ 15– 22, 43, 55, 58, 61; Doc. 113 at ¶¶ 7 & 9.* He's entitled to counsel to defend against those challenges. Decl. of Trust by Elijah G. Stiny and Mary Moore Stiny, Article Eleven at ¶ J, *Doc. 9-1 at 20*. There will be no need for the Court to appoint counsel, however, if the three Stiny grandchildren are not going to pursue those specific challenges against Perkins. They must advise the Court of their position by 25 August 2021. If this part of the dispute endures, the Court will appoint Martin Lilly as Perkins's lawyer—on those issues alone—at an hourly rate of $250 per hour.

2. Trustee Perkins's petition to sell real and personal property is granted with directions. Perkins is authorized to sell the real and personal property at an online public auction to occur after 31 August 2021. Perkins may retain Tasabah & Associates, LLC to advertise and conduct the online public auction. Perkins must provide the three Stiny

grandchildren an opportunity to visit and inspect the property in person or remotely before the auction takes place.

**3.** Trustee Perkins requests authority to pay Mary Stiny's federal tax indebtedness for 2013, 2014, and 2015. The three Stiny grandchildren oppose the motion, suggesting that the Trustee should try negotiating a reduced amount rather than paying the full amount sought by the IRS. The Court does not see any unfairness in the Trusts paying now what would (and should) have been paid for Mrs. Stiny's benefit before her death. The taxes need to be paid to stop the accrual of penalties and interest. The motion to pay the taxes is granted with directions. The Court authorizes Perkins to pay the Internal Revenue Service $333,361.85 from Regions Bank account No. xxxx4646. Perkins must double check all the amounts and seek a refund if the facts support such a request.

**4.** On 14 June 2021, the Court conditionally substituted Jason Wood as Rena's successor. *Doc. 124 at 2–6.* The Court did so because of Jason's predominant interest in Rena's estate. On 30 June 2021, the Tennessee probate court appointed Chris Beauchamp (Jason's lawyer) as the personal representative of Rena's estate. Beauchamp has filed copies of his letters of administration. *Doc. 143-1.* The three Stiny grandchildren move unopposed to substitute Beauchamp for Jason. This is a step forward. The Court directs the Clerk to substitute Chris Beauchamp, personal representative of Rena Wood's estate, for Jason

Wood, successor to Rena Wood. FED R. CIV. P. 25(a). Though Beauchamp is not a co-trustee, he must defend Rena's actions as trustee and co-trustee. The Trusts will therefore pay reasonable attorney's fees for that defense. Decl. of Trust by Elijah G. Stiny and Mary Moore Stiny, Article Ten at ¶ D, *Doc. 9-1 at 20*; *see also Doc. 79 at 3–5* in *Centennial Bank v. Wood*, Case No. 3:17-cv-226-DPM (20 March 2018). Beauchamp must submit motions for those fees every sixty days. The Court authorizes a reasonable hourly rate of $250. Beauchamp need not re-plead or otherwise renew any argument or defense previously asserted to the Stiny grandchildren's counter-petition. The pleadings currently of record inure to him as Rena's successor in this case.

**5.** The Clerk of Court has informed me that all parties did not advise her by 23 July 2021 that they waived any conflict of interest created by the appearance of Justin Parkey, Curt Hawkins, and their law firm as counsel for separate respondents Chantel Lynn Singh and Carissa Hope Oldenburg. *Doc. 130*. But Parkey and Hawkins have moved to withdraw, and their clients are seeking other counsel. This step will moot any recusal issue. I will grant the motion to withdraw and keep this case.

**6.** For various reasons, the case has bogged down. Good cause exists for a revised schedule. An Amended Final Scheduling Order will issue.

\* \* \*

Motion to appoint counsel, *Doc. 128*, conditionally granted as modified. Motion to sell real and personal property, *Doc. 129*, granted with directions. Motion for authority to pay income taxes, *Doc. 131*, granted with directions. Unopposed motion, *Doc. 138*, granted: Chris Beauchamp, personal representative of the Estate of Rena Wood, is substituted for Jason Wood, successor to Rena Wood. Motion to withdraw, *Doc. 150*, granted as modified. New counsel for Chantel Lynn Singh and Carissa Hope Oldenburg must appear by 31 August 2021. The Court will relieve Parkey and Hawkins when new counsel appears. Final Scheduling Order, *Doc. 96*, vacated.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 August 2021