IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                                No. 3:19-cv-346-DPM

ORDER

1.    Status report, *Doc. 206*, appreciated. Eli Stiny, Alexis Stiny, and Andrew Stiny (the Stiny grandchildren) object to the most recent bill for attorney's fees from Lilly. The trustee's report is otherwise unopposed. Setting the Lilly issue to one side, the Court approves all the trustee's actions taken and payments made as specified in this eleventh report. The Court is particularly glad to see the IRS closing letter on the Stiny estate return.

2.    The trustee's unopposed request to pay Lovett for work between December 2021 and March 2022 on behalf of Rena's estate is granted. This work was reasonable and necessary. The Court authorizes the trustee to pay Glenn Lovett, Jr. PLC $16,890.50 from Regions account No. xxxx4646 for attorney's fees and expenses.

3.    The trustee's unopposed request to pay himself for work as trustee, including some lawyering, for work between December 2021 and February 2022 is granted. All this work needed to be done, too. The expenses total approximately $12,800.00. They were necessary.

The Court therefore authorizes the trustee to pay The Perkins Law Firm, P.A., $52,584.80 from Regions account No. xxxx4646.

4. There is no objection to paying Naegeli Deposition and Trial $1,910.50 for services rendered during the trustee's deposition. The Court authorizes the trustee to pay this bill, or reimburse Lilly if he has already paid it, from Regions account No. xxxx4646.

5. The Stiny grandchildren's objection to Lilly's bill for work between December 2021 and March 2022 is partly sustained and mostly overruled.

The Court's Order was clear: Lilly's role is limited to defending the trustee's challenged actions. *Doc. 152*. The difficulty, however, is the overlap between those actions and the deeper issues in the case. This is illustrated by the Stiny grandchildren's designation of several depositions — which Lilly is criticized for attending and participating in — for our June trial. Plus, Lilly must keep up with the case as a whole to represent the trustee well. And the Stiny grandchildren also seem to be litigating issues related to the Centennial Bank/Wood litigation. Lilly was counsel for Wood then. It is a prudent way to reduce new attorney's fees (to Lovett and Perkins) by drawing on Lilly's experience. This will save the Trust money. The Court should have authorized this kind of work before. And so the Court expands Lilly's role a bit and approves the trustee's decision to use Lilly as a resource. The Court emphasizes that Lilly is not general counsel for this litigation. The

trustee must use Lilly prudently and only for the noted limited purposes.

The Stiny grandchildren rightly point out another issue that needs attention. In the future, Lilly must also put more flesh on the bones in his bills. This will help the Court and all the parties see exactly what work he's doing. Lovett and Perkins provide good examples in their bills.

Because Lilly's current bill provides insufficient details about the substance of his work, and because there was some duplication of effort with Perkins, the Court will trim the bill by 15%. The Court therefore authorizes the trustee to pay Lilly $21,090.62 from Regions account No. xxxx4646, for the December 2021 through March 2022 work.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 May 2022