# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                              No. 3:19-cv-346-DPM

## ORDER

1.  The Court regrets its delay in addressing the pending petitions and motion.

2.  Fourteenth status report, *Doc. 294*, and supplement, *Doc. 295*, appreciated. The Court thanks the trustee for the additional information about the August 2022 pool pressure test payment. Eli Stiny, Alexis Stiny, and Andrew Stiny (the Stiny grandchildren) object to the report because the trustee failed to include an investment strategy proposal from Greg Lathrop—their preferred investment advisor. *Doc. 297*. The trustee's report and supplement are otherwise unopposed. Setting aside the investment strategy proposal issue, the Court approves all the trustee's actions taken and payments made as specified in his fourteenth report.

3.  There has been no objection to the trustee's request to pay himself for services rendered and expenses incurred from 26 September 2022 through 25 February 2023. His unopposed request is therefore granted. The Court authorizes payment of $11,682.89 to the trustee from Regions account No. xxxx4646.

**4.** The trustee's unopposed request to pay Lovett for work between 28 September 2022 and 28 February 2023 on behalf of Rena's estate is also granted. This work was reasonable and necessary. The Court authorizes the trustee to pay Glen Lovett, Jr. PLC $570.00 from Regions Account No. xxxx4646.

**5.** As noted, the Stiny grandchildren object to the trustee's report because the trustee failed to file an updated investment strategy proposal by the Court's 28 February 2023 deadline. They also seek the Court's permission to obtain consent from all the Elijah George Stiny share beneficiaries to invest half of those assets (roughly $10,000,000) at their own discretion using an online broker. The trustee opposes this request, and belatedly offers Lanthrop's updated proposal—investing the funds in Treasury Bills or other similar investments with stair-stepped maturities of thirty, sixty, and ninety days—as an alternative. By separate motion, the trustee seeks authorization to take the steps necessary to implement this strategy. While the Stiny grandchildren consented to hiring Lanthrop and to implementing his proposed strategy, they now say his services are an unnecessary expense and ask the Court for authorization to invest the funds as they see fit.

The Court grants the trustee's motion, *Doc. 300*, and overrules the Stiny grandchildren's objections, *Doc. 297*. The Stiny grandchildren's embedded request for authorization to invest the funds as they see fit is denied. Lanthrop is well-qualified to invest the trusts' funds and his

proposed strategy aligns with the trustee's goals. His annual fee (.0025% of all assets under management) is reasonable. The Court therefore authorizes the trustee to execute the contract, *Doc. 300–2*, on behalf of each Trust. The Court directs the trustee to open a Charles Schwab investment account for the Stiny Survivor's Trust and transfer into that account up to the sum of $6,000,000.00 from Simmons IDS Account No. xxxx8878. The Court also directs the trustee to open a Charles Schwab investment account for the Stiny Exemption Trust and transfer into that account up to the sum of $5,000,000.00 from Simmons IDS Account No. xxxx0880. He must do so as soon as practicable and no later than 30 September 2023.

6. The Court appreciates the trustee's fifteenth status report, *Doc. 306*. No one has objected to the trustee's request to pay Lovett for his work from 1 March 2023 to 31 May 2023 on behalf of Rena's estate. Request granted. Lovett's work was reasonable and necessary. The Court authorizes the trustee to pay Glenn Lovett Jr., PLC $610 from Regions Acct. No. xxxx4646.

7. The Court notes the trustee's update about the status of the Exemption Trust's federal and Arkansas income tax returns for 2022. This information is much appreciated.

8. No one has objected to the trustee's request to pay himself for services rendered and expenses incurred from 26 February 2023 to 25 May 2023. *Doc. 306–8*. His request is granted. The Court therefore

authorizes the trustee to pay himself $4,978.28 for his services rendered and expenses incurred for the covered period from Regions Acct. No. xxxx4646.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 August 2023