IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                            No. 3:19-cv-346-DPM

### ORDER

1.   The Court has been working on the proposed settlement on Della Moore's 2.66% share off and on for some time.  The Court is struggling, however, to see where the alleged ambiguity or inconsistency may be.  The second amendment to the survivor's trust — Article Seven, paragraph D(2)(viii) — says that, if Della predeceases Mary Stiny, Della's gift "shall lapse."  The next paragraph, in relevant part, says: "*Except as otherwise provided*, in the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor, the such share shall be distributed to the predeceased beneficiary's living issue, by right of representation . . . ."  See attached exhibit F, *Doc. 284-6 at 2* (emphasis added).  Does the italicized phrase eliminate the alleged ambiguity or inconsistency?  Is there some other alleged ambiguity or inconsistency the Court is overlooking?

2.   The Court will hold a hearing to get the parties' views on these issues.  That hearing will be held in Jonesboro on 16 February 2024 at 1:30 p.m. CST.  Any lawyer or party who wants to participate in the hearing must appear in person.  Any interested person who wants to attend but not participate may do so by telephone.  (Recordings of the

hearing are prohibited, though.) Any interested person wishing to attend remotely must notify my Courtroom Deputy, Sherri Black, at Sherri_Black@ared.uscourts.gov no later than 9 February 2024.

    **3.** Several potentially interested persons are not parties. The Court therefore directs the trustee to send this Order to all such individuals, and file a certificate of service, by 2 February 2024.

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

25 January 2024

EXHIBIT F

# SECOND AMENDMENT TO SURVIVOR'S TRUST UNDER ELIJAH AND MARY STINY TRUST DATED JUNE 6, 2000

On April ___, 2013, Second Amendment to the Survivor's Trust established under the Elijah and Mary Stiny Trust Declaration of Trust dated June 6, 2000 (executed October 4, 2000), is entered into by MARY MOORE STINY as surviving trustor and MARY MOORE STINY as surviving trustee, hereafter referred to as "trustor."

WHEREAS, pursuant to Paragraph C of Article Eight of the Declaration of Trust dated June 6, 2000, (hereinafter referred to as the "trust agreement") trustor reserved to herself the power to amend the Survivor's Trust created under such trust agreement, without extending such power to the Exemption or Marital Trusts created under the trust agreement.

WHEREAS, trustors (Elijah Stiny and Mary Moore Stiny) amended the trust by a First Amendment dated October 19, 2000; a Second Amendment dated March 29, 2007; and a Third Amendment dated November 5, 2007.

WHEREAS, trustor Mary Moore Stiny amended the Survivor's Trust created under the Elijah and Mary Stiny Trust on February 8, 2011.

WHEREAS, trustor now desires to amend the Survivor's Trust created under such trust agreement in order to eliminate the PEOPLE'S FAITH TABERNACLE as a beneficiary under the trust for all purposes, and to add trustor's mother as a beneficiary to the 2.66% interest (of the 50% Survivor's Trust) taken from the People's Faith Tabernacle, as well as to reaffirm the "No Contest" provisions of the trust.

NOW, THEREFORE, the trust agreement dated June 6, 2000, is hereby amended as follows:

FIRST: Subparagraph (2) of Paragraph D of Article Seven of the trust agreement is deleted and the following new Subparagraph (2) of Paragraph D is inserted in its place:

"(2) The share designated for distribution to relatives of wife, being equal to the remaining fifty percent (50%) of the trust estate, shall be distributed to, or for the benefit of, the following persons and in the following percentage shares:

(i) Thirty-five percent (35%) to trustor's daughter, RENA POWELL, and in the event she predeceases trustor, then to the living issue of RENA POWELL by right of representation.

    (ii)    Nine percent (9%) to trustor's grandchild, IAN MOORE, and if he fails to survive, then to the living issue of IAN MOORE, by right of representation.

    (iii)    Ten and 67/100 percent (10.67%) to trustor's grandchild, JASON BAKER.

    (iv)    Ten and 67/100 percent (10.67%) to trustor's grandchild, JESSICA BAKER.

    (v)    Ten and 67/100 percent (10.67%) to trustor's grandchild, CHAD BAKER.

    (vi)    Ten and 67/100 percent (10.67%) to trustor's grandchild, STERLING MARTIN.

    (vii)    Ten and 66/100 percent (10.66%) to trustor's grandchild, SHEELA L. MARTIN.

    (viii)    Two and 66/100 percent (2.66%) to trustor's mother, DELLA MOORE, provided she survives trustor, and if she fails to survive trustor, then this gift shall lapse.

Wife has knowingly made no provision for her son, JOHN MOORE. Except as otherwise provided, in the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor, the such share shall be distributed to the predeceased beneficiary's living issue, by right of representation, and if no living issue, then reallocated equally among the other beneficiaries named in clauses (iii) through (viii), above. Each share set aside for use of or distribution to a grandchild of trustor shall be administered and distributed as set forth in Subparagraphs (3) through (8) of Paragraph D of Article Seven.

Notwithstanding anything contained herein to the contrary, in the event trustor's mother, DELLA MOORE, survives trustor, and only in such event, then the trustee shall hold in trust that certain real property commonly known as 402 Miller Street, Hoxie, AR 72433, for the lifetime benefit of DELLA MOORE, and trustor will establish a non-trust account in order to provide her mother sufficient funds to pay the expenses for maintaining such property. Upon the death of DELLA MOORE, the trustee shall distribute the property according to the percentage shares set forth above to beneficiaries as provided (to living or the living issue of named beneficiaries). In the event such real property has been transferred or disposed of prior to trustor's death, then any replacement property utilized by DELLA MOORE as her residence shall be held in this trust instead. In the event DELLA MOORE predeceases trustor these provisions shall not apply and gifts shall lapse."

    SECOND:  The following "No-Contest" Clause shall apply to the trust, as amended, as well as to this amendment:

    "No-Contest Clause. A contestant shall be considered to have predeceased trustors without surviving issue and not to be in existence at the time of the surviving trustor's death. For purposes of this instrument, "contestant" means any person other than the trustors who, directly or indirectly, voluntarily participates in any proceeding or action in which such person seeks to void, nullify, or set aside (1) any provision of this instrument; (2) any provision of either trustor's will that gives property to the trustee of any trust under this instrument; or (3) any

amendment of this instrument or codicil of either trustor's will. The trustor intends to discourage a trust contest and such intent shall be considered an important trust purpose. The trustee may use trust funds to pay attorneys and other agents and to pay other costs and expenses to defend any contest of this trust or any of its provisions. In authorizing the trustee to use trust funds for these purposes, the trustor intends to override any fiduciary duty that might otherwise constrain the trustee."

THIRD: The Elijah and Mary Stiny Declaration of Trust dated June 6, 2000 (executed October 4, 2000) is ratified in all other respects and the trust hereafter shall continue to be referred to as the Elijah and Mary Stiny Trust dated June 6, 2000. All references to such trust shall henceforth be deemed to refer to such trust as amended, and subject to any further amendments hereafter made pursuant to the terms of such trust.

Executed at Hoxie, Arkansas, on May MS/6, 2013.

_____
MARY MOORE STINY
Trustor and Trustee

STATE OF ___Ark___ )
                              ) ss.
COUNTY OF ___Lawrence___ )

On ~~April~~ May 6, 2013, before me, ___Mary Moore Stiny___, Notary Public, personally appeared MARY MOORE STINY, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

___Tommy R. Gates___

