# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                          No. 3:19-cv-346-DPM

## MEMORANDUM OPINION AND ORDER

Our law favors settlements, especially among family members. And a proposed compromise of one slice in this case, which has involved many disputes and lengthy proceedings, is particularly welcome. The Court concludes, though, that Mary Stiny's intentions about what should happen to Della Moore's share, if Moore predeceased Stiny, are clear and the Court must enforce them to keep faith with all applicable and material provisions of the Stiny trust.

When Mrs. Stiny amended her survivor's trust for the second and last time, she eliminated a bequest to her church in Hoxie and added a bequest to her mother, Della Moore. This change created an alleged ambiguity. The amended provision—Article Seven, paragraph D(2)—is in an Appendix. On the one hand, Mrs. Stiny's amendment provided that, if her mother predeceased her, the bequest "shall lapse." Under California law, in that instance her mother's share would be shared among a group of family members listed in amended paragraph (D)(2)(i)-(vii). CAL. PROB. CODE § 21109. Call them group one. They include one of Mrs. Stiny's daughters, Rena Wood, and several of her grandchildren. On the other hand, the amendment contained a

more general provision about what should happen if any one of the listed family members in group one predeceased Mrs. Stiny. It says: "Except as otherwise provided, in the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor, the such share shall be distributed to the predeceased beneficiary's living issue, by right of representation . . . ." See Exhibit F, *Doc. 284-6 at 2*.

Della Moore died first. Then Mrs. Stiny died. In addition to Mrs. Stiny, Della Moore had eight other children. None of these eight individuals are in group one. Call them group two. Several of the children of group two members are in group one. A dispute exists about Mrs. Stiny's intentions and who should get her mother's lapsed 2.66% share of the survivor's trust.

When the most recent round of litigation about the Stiny Trusts writ large began, the trustee served all the members of groups one and two and many others with process. Some members of groups one and two have appeared, and some have not. The main litigation issues have involved some of Mr. Stiny's grandchildren and Mrs. Stiny, plus what should happen to Rena Wood's share. Wood passed away during the case and her estate now stands in her place. All the members of group one and group two who have appeared and been active in the case, and the trustee, have come together about Della Moore's share. Several of them have moved the Court to approve a settlement and direct distribution. Two members of group one, Corbyn Martin and Sterling

Martin, did not appear but attended the trial; they have filed written consents to the settlement. *Doc. 286 & 287.* All parties who have appeared were served with the trustee's August 2022 motion to approve, as well as with the October 2023 motion to approve by all of Mrs. Stiny's siblings. No one has objected to the settlement. This unanimity is remarkable in this case full of disputes. The proposed distribution of Della Moore's share is as follows:

| **DELLA MOORE'S 2.66% SHARE** | **DIVISION OF 2.66%** |
|---|---|
| **1. Mary Stiny, deceased** | |
| Jason Baker | 1/8 of 1/9 |
| Jessica Baker | 1/8 of 1/9 |
| Chad Baker | 1/8 of 1/9 |
| Corbyn Martin | 1/8 of 1/9 |
| Sterling Martin | 1/8 of 1/9 |
| Sheela Martin | 1/8 of 1/9 |
| Rena Wood, deceased *to be paid to the Estate of Rena Wood dec. | 1/8 of 1/9 |
| John Vernon Moore | 1/8 of 1/9 |
| **2. Helen Robins** | 1/9 |
| **3. Joann Gates Harris, deceased** *to be paid to the Estate of Joann Harris, dec. | 1/9 |
| **4. Linda Davis** | 1/9 |
| **5. Joyce Roberts** | 1/9 |
| **6. Janet Brand** | 1/9 |
| **7. Peggy Miles** | 1/9 |
| **8. Tom Moore** | 1/9 |
| **9. Vernon Moore** | 1/9 |

*Doc. 284 at 7; Doc. 309 at 4.*

The Court studied the proposed settlement but struggled to see any ambiguity or contradiction in the applicable trust provisions. It held a February 2024 hearing to ventilate that issue; it also pressed the parties on whether the family settlement doctrine applies to an active irrevocable trust. The Court has benefitted from the parties' oral arguments, pre-hearing briefs, and post-hearing briefs. The Court concludes that, under California law, the settlement should not be approved.

First, it disregards Mrs. Stiny's clear intent—it would distribute trust money to Mrs. Stiny's siblings and to her son, John Moore. CAL. PROB. CODE § 21102. That's because her siblings are Della Moore's children and John Moore is Della Moore's grandson, which makes them Della Moore's "issue" under California law. CAL. PROB. CODE § 50. Mrs. Stiny, however, made no provisions for her siblings. And she was unambiguous when it came to her son: "Wife has knowingly made no provision for her son, JOHN MOORE." Exhibit F, *Doc. 284-6 at 2.* This intention was longstanding. This provision in the second amendment echoed identical provisions through various amendments dating back to 2007. Exhibit C, *Doc. 284-3 at 3.*

Second, the Court must "give every expression some effect, rather than one that will render any of the expressions inoperative." CAL. PROB. CODE § 21120. The language—"Except as otherwise

–4–

provided" — gives effect to Mrs. Stiny's direction that her mother's gift "shall lapse."  The bequest to Della Moore and this phrase were added in the second amendment, when Mrs. Stiny substituted her mother for her church in paragraph D(2)(viii).  *Compare* Exhibit E, *Doc. 284-5 at 2*, *with* Exhibit F, *Doc. 284-6 at 2*.  While Mrs. Stiny could have expressed her intent about Della Moore's share in other ways, this added phrase qualified the fallback distribution that Mrs. Stiny had provided for in her first amendment.  It was a fix of a then-existing term.  Without an exception, Mrs. Stiny's siblings and son would receive a slice of the share that she intended for her mother.   But the lapse exception forecloses that possibility.  This reading gives effect to every expression in the amended survivor's trust.  And it construes all the trust's parts in a way that forms a consistent whole.  CAL. PROB. CODE § 21121.

The settling parties are, in effect, proposing a modification of Mrs. Stiny's irrevocable survivor's trust.  *Doc. 317 at 7*;  *Doc. 318 at 7*. That step requires two things:  all beneficiaries' consent to the modification; and the Court's determination "that the reason for doing so under the circumstances outweighs the interest in accomplishing a material purpose of the trust."  CAL. PROB. CODE § 15403.  Mrs. Stiny's distributive intent is a material purpose.  *E.g.*, *Boys & Girls Club of Petaluma v. Walsh*, 87 Cal. Rptr. 3d 413, 422-23 (Cal. Ct. App. 2008). And, because she was unambiguous with respect to her mother's share, the Court should not disturb that intent.  CAL. PROB. CODE § 21102(a).

As important as maintaining family harmony is, and it is very important, the applicable law must be followed.

Third, the parties contend that the Court may approve the settlement, whether an ambiguity exists or not. But the California Supreme Court has squarely foreclosed that argument when a beneficiary's interest is subject to a valid spendthrift clause. *Kelly v. Kelly*, 79 P.2d 1059, 1063 (Cal. 1938). That is the situation here. Article Eleven, paragraph E, provides: "No interest in the principal or income of any trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to creditor's claim or legal process before actual receipt by the beneficiary." Exhibit A, *Doc. 284-1 at 19*. The parties' settlement agreement "executed before payment to the beneficiar[ies] confers on the assignee[s] no right to demand payment or delivery from the trustee as it becomes due to the beneficiar[ies]." *Kelly*, 79 P.2d at 1063.

Settlements are a creatures of contract law. *See Kelly*, 79 P.2d at 1063-64; *De Mille v. Ramsey*, 254 Cal. Rptr. 573, 577-78 (Cal. Ct. App. 1989). And the parties are free, of course, to do whatever they may agree to do after the trust corpus is distributed. But, that can happen only after Mrs. Stiny's chosen beneficiaries have received their distributions. *De Mille*, 254 Cal. Rptr. At 578. Arkansas law suggests a similar route. *Buckalew v. Arvest Trust Co.*, 2013 Ark. App. 28, at 6,

425 S.W.3d 819, 823;  *Trask v. Trask*, 2018 Ark. App. 400, at 13-14, 559 S.W.3d 277, 284.

The cases on which the group two members rely are distinguishable. The Arkansas cases involve post-deal challenges to the enforceability of a family settlement agreement; plus they arise in the will context. *Doc. 317 at 1-5*; *Butler v. Dike*, 2009 Ark. App. 435, 320 S.W.3d 647; *Green v. McAuley*, 953 S.W.2d 66 (Ark. Ct. App. 1997); *Dudgeon v. Dudgeon*, 177 S.W. 402 (Ark. 1915). The California cases concern trusts but under markedly different facts. Two cases dealt with challenges to settlement agreements that had already been approved by the court. *Chui v. Chui*, 291 Cal. Rptr. 3d 213 (Cal. Ct. App. 2022); *Manufacturers Warehouse v. Batistelli*, No. B222402, 2011 WL 3341743 (Cal. Ct. App. 4 Aug. 2011) (unpublished). And, in *Boys & Girls Club of Petaluma v. Walsh*, 87 Cal. Rptr. at 416, the issues were whether all beneficiaries had consented to modification and whether modification was appropriate under California Probate Code § 15403. This precedent takes this issue back under the governing statute already discussed.

Fourth, the parties have also raised the possibility that the settlement is similar to a disclaimer by the members of group one. But disclaimers are different from settlements. "[A] disclaimer does not involve an agreement with other parties but rather [i]mplies a unilateral action which conveys no interest to other parties." *Estate of Murphy*,

–7–

154 Cal. Rptr. 859, 866 (Cal. Ct. App. 1979).   That's because a disclaiming beneficiary is treated as having predeceased the settlor. CAL. PROB. CODE § 282.  If the members of group one had disclaimed their interest in Della Moore's share, the resulting distribution would not be to group two members.  It would be to the living issue of group one members.  In any event, no beneficiary has filed a disclaimer here. CAL. PROB. CODE § 275.

Last, and as the trustee notes, California law prescribes a specific order of operations in these circumstances.  Della Moore predeceased Mrs. Stiny, so her gift must lapse unless the anti-lapse statute applies. CAL. PROB. CODE §§ 21109 & 21110(a).  The anti-lapse statute does not apply;   Mrs. Stiny expressly required Della Moore to survive her. CAL. PROB. CODE § 21110(b).  The question therefore is which, if any, of Mrs. Stiny's remaining beneficiaries should get Della Moore's share? California law answers this question with a priority list. CAL. PROB. CODE § 21111.  According to that list, Della Moore's share must go to Mrs. Stiny's remaining beneficiaries under Article Seven, paragraph D(2)(i)-(vii), "in proportion to their other interest in the residuary gift or the future interest."   CAL. PROB. CODE § 21111(b). Two reasons require this result.  First, Mrs. Stiny made the residuary gift—paragraph D(2)—to more than one beneficiary.  Second, Mrs. Stiny did not provide an alternative distribution for Della Moore's share.  The fallback provision calling for distributions to a predeceased

beneficiary's living issue does not apply because Mrs. Stiny provided otherwise—that Della Moore's share "shall lapse." Exhibit F, *Doc. 284-6 at 2*.

*   *   *

The motions, *Doc. 284 & 309*, are denied.  In due course, the trustee must reallocate Della Moore's share proportionally among the beneficiaries listed in amended paragraph D(2)(i)-(vii).   Exhibit F, *Doc. 284-6 at 2*;  CAL. PROB. CODE § 21111(b).  Each beneficiary's share, as increased by Della Moore's lapsed share, will be the percentage share owed at final distribution.  That distribution will abide the Court's resolution of other pending issues—namely, the dispute over Rena Wood's share and the three Stiny grandchildren's request for an accounting or information.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*6 March 2024*

# <u>APPENDIX</u>



### SECOND AMENDMENT TO
### SURVIVOR'S TRUST UNDER
### ELIJAH AND MARY STINY TRUST
### DATED JUNE 6, 2000

On April ___, 2013, Second Amendment to the Survivor's Trust established under the Elijah and Mary Stiny Trust Declaration of Trust dated June 6, 2000 (executed October 4, 2000), is entered into by MARY MOORE STINY as surviving trustor and MARY MOORE STINY as surviving trustee, hereafter referred to as "trustor."

WHEREAS, pursuant to Paragraph C of Article Eight of the Declaration of Trust dated June 6, 2000, (hereinafter referred to as the "trust agreement") trustor reserved to herself the power to amend the Survivor's Trust created under such trust agreement, without extending such power to the Exemption or Marital Trusts created under the trust agreement.

WHEREAS, trustors (Elijah Stiny and Mary Moore Stiny) amended the trust by a First Amendment dated October 19, 2000; a Second Amendment dated March 29, 2007; and a Third Amendment dated November 5, 2007.

WHEREAS, trustor Mary Moore Stiny amended the Survivor's Trust created under the Elijah and Mary Stiny Trust on February 8, 2011.

WHEREAS, trustor now desires to amend the Survivor's Trust created under such trust agreement in order to eliminate the PEOPLE'S FAITH TABERNACLE as a beneficiary under the trust for all purposes, and to add trustor's mother as a beneficiary to the 2.66% interest (of the 50% Survivor's Trust) taken from the People's Faith Tabernacle, as well as to reaffirm the "No Contest" provisions of the trust.

NOW, THEREFORE, the trust agreement dated June 6, 2000, is hereby amended as follows:

<u>FIRST:</u>   Subparagraph (2) of Paragraph D of Article Seven of the trust agreement is deleted and the following new Subparagraph (2) of Paragraph D is inserted in its place:

"(2)  The share designated for distribution to relatives of wife, being equal to the remaining fifty percent (50%) of the trust estate, shall be distributed to, or for the benefit of, the following persons and in the following percentage shares:

> (i)   Thirty-five percent (35%) to trustor's daughter, RENA POWELL, and in the event she predeceases trustor, then to the living issue of RENA POWELL by right of representation.

# APPENDIX

(ii)    Nine percent (9%) to trustor's grandchild, IAN MOORE, and if he fails to survive, then to the living issue of IAN MOORE, by right of representation.

(iii)    Ten and 67/100 percent (10.67%) to trustor's grandchild, JASON BAKER.

(iv)    Ten and 67/100 percent (10.67%) to trustor's grandchild, JESSICA BAKER.

(v)    Ten and 67/100 percent (10.67%) to trustor's grandchild, CHAD BAKER.

(vi)    Ten and 67/100 percent (10.67%) to trustor's grandchild, STERLING MARTIN.

(vii)    Ten and 66/100 percent (10.66%) to trustor's grandchild, SHEELA L. MARTIN.

(viii)    Two and 66/100 percent (2.66%) to trustor's mother, DELLA MOORE, provided she survives trustor, and if she fails to survive trustor, then this gift shall lapse.

Wife has knowingly made no provision for her son, JOHN MOORE. Except as otherwise provided, in the event any beneficiary named in clauses (iii) through (viii) above, predeceases trustor, the such share shall be distributed to the predeceased beneficiary's living issue, by right of representation, and if no living issue, then reallocated equally among the other beneficiaries named in clauses (iii) through (viii), above. Each share set aside for use of or distribution to a grandchild of trustor shall be administered and distributed as set forth in Subparagraphs (3) through (8) of Paragraph D of Article Seven.

Notwithstanding anything contained herein to the contrary, in the event trustor's mother, DELLA MOORE, survives trustor, and only in such event, then the trustee shall hold in trust that certain real property commonly known as 402 Miller Street, Hoxie, AR 72433, for the lifetime benefit of DELLA MOORE, and trustor will establish a non-trust account in order to provide her mother sufficient funds to pay the expenses for maintaining such property. Upon the death of DELLA MOORE, the trustee shall distribute the property according to the percentage shares set forth above to beneficiaries as provided (to living or the living issue of named beneficiaries). In the event such real property has been transferred or disposed of prior to trustor's death, then any replacement property utilized by DELLA MOORE as her residence shall be held in this trust instead. In the event DELLA MOORE predeceases trustor these provisions shall not apply and gifts shall lapse."

SECOND:  The following "No-Contest" Clause shall apply to the trust, as amended, as well as to this amendment:

"No-Contest Clause. A contestant shall be considered to have predeceased trustors without surviving issue and not to be in existence at the time of the surviving trustor's death.  For purposes of this instrument, "contestant" means any person other than the trustors who, directly or indirectly, voluntarily participates in any proceeding or action in which such person seeks to void, nullify, or set aside (1) any provision of this instrument; (2) any provision of either trustor's will that gives property to the trustee of any trust under this instrument; or (3) any

# APPENDIX

amendment of this instrument or codicil of either trustor's will. The trustor intends to discourage a trust contest and such intent shall be considered an important trust purpose. The trustee may use trust funds to pay attorneys and other agents and to pay other costs and expenses to defend any contest of this trust or any of its provisions. In authorizing the trustee to use trust funds for these purposes, the trustor intends to override any fiduciary duty that might otherwise constrain the trustee."

THIRD:   The Elijah and Mary Stiny Declaration of Trust dated June 6, 2000 (executed October 4, 2000) is ratified in all other respects and the trust hereafter shall continue to be referred to as the Elijah and Mary Stiny Trust dated June 6, 2000.  All references to such trust shall henceforth be deemed to refer to such trust as amended, and subject to any further amendments hereafter made pursuant to the terms of such trust.

Executed at HOXie, Arkansas, on April 6, 2013.

MARY MOORE STINY
Trustor and Trustee

# APPENDIX

STATE OF _Ark_           )
                         ) ss.
COUNTY OF _Lawrence_     )

On ~~April~~ May 6, 2013, before me, _Mary Moore Stiny_, Notary Public, personally appeared MARY MOORE STINY, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Tommy R Gates_

