IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                              No. 3:19-cv-346-DPM

ORDER

1. The Court has received and reviewed the trustee's seventeenth status report. It is appreciated.

2. The trustee's unopposed request to pay Lovett's fees from September 2023 to February 2024 is granted. The fees are reasonable and were necessary in the representation of Rena Wood's estate. The Court approves payment of $1,280 to Glenn Lovett, Jr. PLC from Regions Account No. xxxx4646.

3. The trustee's unopposed request to pay himself fees for work done between September 2023 and February 2024 is granted. This work was reasonable and necessary on behalf of the trust. The Court approves payment of $17,375.69 in attorney's fees and costs to The Perkins Law Firm, P.A. from Regions Account No. xxxx4646.

4. On Lathrop Investment Management Corporation's fee: the trustee's embedded opposed motion to clarify and modify the Court's March 2023 approving Order, *Doc. 307*, is granted. The Lathrop agreement says: "Annual fees for investment services are charged at **1/4 of 1%** of total assets under management, billed and payable

quarterly in advance, based on the market value of the funds at the beginning of the quarter." *Doc. 300-2* (emphasis original). The proposed agreement was attached to the trustee's motion. That agreement is what the Court approved. *Doc. 307 at 3*. Perhaps the fees sentence could have been clearer about the annual bottom line. But it was clear enough. This Court is the one who should have been clearer about the approved quarterly payment schedule.

The Court remains convinced that the annual fee is reasonable for Lathrop's work. The company is responsible for keeping more than twelve million dollars productive and secure. Therefore, the Court's March 2023 Order, *Doc. 307*, is modified *nunc pro tunc* to conform to the truth of what was proposed and what the Court intended. Lathrop's approved annual fee amount, and the quarterly payment schedule, is as stated in the agreement. The practical effect of the fees can, in any event, be minimized through the imminent final distribution.

5. The requested modification about the method of paying these fees is also approved. The fees of Lathrop Investment Management Corporation may be directly withheld and paid from Charles Schwab Account No. xxxx0149 and Account No. xxxx2893.

6. The Court also approves the report, *Doc. 322*, and all actions taken by the trustee as described in his attached itemized statements.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

17 April 2024