# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                             No. 3:19-cv-346-DPM

## ORDER

1.    The Court appreciates the trustee's report and proposed plan of distribution and the Stiny grandchildren's response. No other party has responded, which the Court takes as acceptance. The Stiny grandchildren endorse the bones of the proposed distribution plan, while also raising some new loose ends.

2.    The Court approves the trustee's distribution plan, both in general and as specified in *Doc. 342 at 7-10* and *Doc. 343 at 1-3* and *Exhibits A & B*. It is a prudent and efficient way of getting all the money to the extended family as soon as practicable, while minimizing necessary expenses and maximizing the proceeds. The Court directs the trustee to proceed: Implement the plan forthwith.

3.    The loose ends.

- The trustee says he has no knowledge of any remaining personal property (things or documents) once belonging to Elijah George Stiny but now in the possession of either Rena Wood's estate or Jason Wood. The Court therefore requests counsel for Wood's estate and counsel for the Stiny grandchildren to confer and sort

this possibility. The trust does not appear to have a dog in that hunt.

- As to trust and apartment-related records co-mingled with Rena Wood's personal records, the trustee indicates that these should either be returned to Rena's estate (because she created or maintained them) or destroyed at the end of the litigation. The beneficiaries are probably entitled to any trust/apartment records, if the trustee sees no need for the trust to keep them. But everything will have to be sorted because Rena's estate is entitled to her personal records. The Court lacks sufficient information, though, to resolve this issue. Here, too, counsel for Rena's estate and for the Stiny grandchildren should confer and, along with the trustee, present a proposal that addresses these records.
- As he has started doing, the trustee should determine if Jason Wood has any trust property and, if so, address that issue.
- The Park Verdugo Apartments name issue has been resolved.
- Last is the "past due rent" issue. The only thing the Court recalls is that one tenant/beneficiary, perhaps Chadd (Baker) Moore, may have owed some rent and may have agreed to pay the trust something after distribution. The Court does not recall any list of delinquent tenants or approximately $30,000 in unpaid rent at the time the apartments were sold. The trustee makes good points about the passage of time and the potential for encumbering the

trust in yet more litigation by pursuing any modest amount of rent that may have been owed or by assigning the right to the Stiny grandchildren to do so.  Notwithstanding any such assignment, the trust could well be pulled into litigation about this, which is not in anyone's interest.  The Court requests the trustee to spend a bit of time running any rent issue down with Lender and Associates and then advising the Court, especially on the tenant/beneficiary issue.

None of the new loose ends merits delaying the final distribution or prolonging the proceedings here further.  All these issues can be addressed in due course as part of the trustee's wrap up and final accounting.

*   *   *

Report and motion, *Doc. 342 & 343*, approved as specified. The Court continues to appreciate all the trustee's good work.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 June 2024