IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                                  No. 3:19-cv-346-DPM

ORDER

The Stiny grandchildren have filed separate Fed. R. Civ. P. 59(e) motions, asking the Court to alter or amend its 11 September 2024 Order, *Doc. 378*. Eli Stiny filed one of these motions, Andrew and Alexis Stiny the other. The trustee has responded. He has also filed the requested status report on the back-rent issue, which is intertwined with these new motions. The Court will address it in this Order, too.

*First*, the September Order was not a final Judgment. The Court entered Judgment in April 2024, *Doc. 349*. And after the Court denied the Stiny grandchildren's motion to alter or amend it, Eli appealed. (There is also an unrelated pending appeal on the "Della Moore share" issue.) The September Order was instead simply a decision on some trust administration issues. They continue. And this Court retains jurisdiction over them. *Doc. 349 at 1-2*.

*Second*, in substance, the Stiny grandchildren seek reconsideration of the Court's decision about their proposed assignment of all potential trust claims against any person or entity that is not a member of the extended Stiny and Moore families. Motions to reconsider are

disfavored because they tend to bog down the case. *Elder-Keep v. Aksamit*, 460 F.3d 979, 985 (8th Cir. 2006). But, in extraordinary circumstances, such as those listed in Fed. R. Civ. P. 60(b), a Court can revisit prior rulings.

*Third*, Eli's motion covers much ground. He disagrees with almost all the Court's rulings across the last four years. The Court understands his views. But Eli's deep disagreement with those rulings does not support reconsideration on the potential assignment issue. His pending appeal is the place to address his many concerns about this Court's handling of this case. Eli also challenges the trustee's impartiality and decision making. Like all of us, Perkins is an imperfect human being; but, as the Court has said before, he has discharged his fiduciary duties faithfully and well in this complicated and protracted case. *Doc. 332 at 17*.

*Fourth*, new evidence? Eli's motion discusses tape recordings made by Mrs. Stiny. The Stiny grandchildren had those recordings in hand before the June 2022 trial. They were not offered in evidence. They are not newly discovered evidence within the meaning of Rule 60(b) or the precedent. *Arnold v. ADT Security Services, Inc.*, 627 F.3d 716, 721-22 (8th Cir. 2010). It is not clear, moreover, how the recordings bear on the potential assignment issue. Next, while Eli says he has new information from some Moore family members about items belonging to his grandfather, no particulars are given. The personal

-2-

property is not identified. The individuals with knowledge are not identified. All this is insufficient to revisit whether Jason Wood has any of this property. And all of it is insufficient to support the proposed assignment.

*Fifth*, the Stiny grandchildren helpfully identified the back-rent issue a few months ago. As directed, the trustee has investigated further. The trustee must continue his work here and report to the Court by 20 December 2024. Three of five individuals who owed back rent are still tenants. They owed more than $20,000, approximately two-thirds of the total on this issue. The trustee now has copies of their leases, in addition to the payment ledgers. These three individuals can be reached easily for informal and formal collection efforts. The trustee must therefore promptly figure out if the applicable law allows collection efforts and, if so, how best to pursue those efforts cost effectively. This potential trust asset does not justify reconsideration. The trustee can and will handle it; no assignment to the Stiny grandchildren is needed.

*Sixth*, the Court appreciates Andrew and Alexis specifically identifying the potential claim they wish to pursue through the assignment: a potential tax refund to the trust based on a possible undervaluation of Al Stiny's estate. Eli and Andrew testified at trial about their views on their grandfather's estate and property values. As the trustee points out, though, the Court considered all the evidence

on point and decided this issue last spring. *Doc. 332 at 6-8, 35*. The Stiny grandchildren have not pointed to any newly discovered evidence about the value of the apartment complexes (or any of the other property) at Al Stiny's death. If they know of any such evidence, they must provide it to the trustee by 20 December 2024. The trustee will decide—with direction from this Court if need be—on whether there is any solid basis to go down the amended returns road that the Stiny grandchildren seek to explore. The possibility that Al's estate was undervalued, and the maybe of amended returns, do not provide a sufficient basis to reconsider the requested assignment of potential claims.

*Seventh*, all the Stiny grandchildren advance the possibility of potential but unknown claims. For the reasons the Court gave before, this possibility is outweighed by the risk of involving the trust and the beneficiaries in future litigation and further delay—including litigation about Eli's offered indemnity. Distribution of trust assets and the end of administration are in reach. Pressing forward toward those goals, and wrapping everything up, is in the best interest of all the beneficiaries. Continued litigation and disputation about possibilities is not.

Beyond the alleged undervaluation issue, if the Stiny grandchildren know of (or later identify) any potential claim, they must immediately notify the trustee with documents and all supporting

information. That is how any potential claims should be evaluated and addressed in the coming months. Hypothetical claims do not justify the proposed assignment.

*

Based on all the relevant facts of record, and having considered the parties' arguments and the applicable law, the Court denies the Stiny grandchildren's motions to reconsider, *Doc. 381 & 382*. No manifest injustice has occurred on any argued issue. And, in the circumstances presented, no sufficient reason supports ordering the trustee to assign potential claims of the trust to the Stiny grandchildren.

Trustee's further status report on back-rent issues due by 20 December 2024. Any further report from the Stiny grandchildren to the trustee about undervaluation/amended returns issues due by the same date. The trustee must also report to the Court on that potential issue in his next status report after the first of the year.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 November 2024