IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                                    No. 3:19-cv-346-DPM

ORDER

The Court appreciates the trustee's nineteenth status report, which was filed 13 November 2024.

1. **Attorney's Fees.** Elan Darvish billed the trustee $19,301.06 for work done from 7 August 2024 to 27 September 2024. Glenn Lovett billed the trustee $1,575 for work done from 1 June 2024 to 31 October 2024. Both lawyers' bills are reasonable for the necessary work done. And no one has opposed payment. The Court therefore authorizes the trustee to pay them from Regions Account No. xxxx4646.

The Court notes that Brett Watson billed the trustee $2,040 for work done in September and October on the appeals. Watson's fees were covered by his $15,000 retainer, which the Court authorized in an earlier Order, *Doc. 379*.

2. **Trustee's Fees.** The trustee's unopposed request to pay himself for work done between 26 July 2024 and 25 October 2024 is granted. His work is essential. And all the billing for that work is

reasonable. The Court authorizes payment of $38,939.29* to the trustee from Regions Account No. xxxx4646.

**3. Petition for Distribution Delay.** The trustee has asked to pause the distribution plan for ninety days based on the two pending appeals and the new California probate litigation. He would prefer to let these matters spin out a bit before making important decisions about the amount and timing of distributions. (He previewed this request back in May 2024, in his proposed distribution plan. *Doc. 342 at 10.*) One beneficiary, Jessica Baker, has objected to the pause. She says she's waited for her distribution long enough—more than five years—and that she will be harmed by more delay. Her concern is reasonable; and the Court understands it.

All material things considered, though, the Court concludes that a *brief* pause to get more information is prudent. It's too soon to tell what effect, if any, the pending litigation will have on the distribution plan. The material circumstances, especially as to the California proceeding and Eli's appeal, will be clearer by mid-January. The trust, and all beneficiaries, will benefit from more information. Objection, *Doc. 394*, overruled. Distribution pause approved as specified. Distribution plan paused until 14 February 2025. The sooner the trustee can evaluate the situation and file a further report on distribution the

---

* There is a scrivener's error in the trustee's total request. *Compare Doc. 393 at 11, with Doc. 393-9 at 19.*

better. And given the age of this case, the trustee must propose some concrete steps forward by that date.

4. **Other Matters.** The Court notes the closure of Mary Stiny's estate and the filing of federal and state income tax returns for the Stiny Survivor's Administrative Trust. Good. The Court appreciates the trustee's recent second status report on the back-rent issue, *Doc. 396*. It gives a helpful and full picture. Any responses due by 10 January 2025.

5. **Approval.** The Court approves the trustee's nineteenth report, *Doc. 393*, and all actions taken by the trustee as specified in the report and in his attached statement, *Doc. 393-9*.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 December 2024