IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

IN RE ELIJAH AND MARY
STINY TRUSTS                                                    No. 3:19-cv-346-DPM

ORDER

1. The Court appreciates the trustee's recent issue-specific status reports, *Doc. 396 & 398*, as well as Andrew and Alexis Stiny's responses, *Doc. 399 & 401*.

2. **California Proceedings.** The Court looks forward to a report after the February 14th hearing.

3. **Back-Rent Issue.** The Court has reviewed the trustee's detailed report and Andrew's and Alexis's response. It's a close question, all material things considered, whether to pursue the three current tenants. While the Court would prefer engaging counsel on an hourly basis, and spending a few thousand dollars on demand letters in pursuit of some recovery short of litigation (which would not be cost effective), it is certainly reasonable to conclude that the likelihood of any substantial recovery net of fees is not worth the effort. This is a judgment call. And the Stinys' trust vests discretion in the trustee to make it. "The Trustee is authorized to abandon any property or interest in property belonging to the trust when, in the Trustee's discretion, such abandonment is in the best interests of the trust and its

beneficiaries." *Doc. 332-1 at 19* (Art. Eleven, para. G). His decision comports with California law. CAL. PROB. CODE §§ 16080 & 16081.

**4. Other Potential Claims.** The Stiny grandchildren have identified only one: alleged undervaluation of the apartment complexes. The Court appreciates their providing the supporting documentation. This information—about an unconsummated sale of the two apartment complexes in 2007 for $11.25 million and a related arbitration, which awarded the lost commission to their realtor when the Stinys decided not to sell—is not new. This ground was covered at trial. *Doc. 367 at 105-117* (Transcript, Eli Stiny Direct Exam); *Doc. 261* (Stiny Proposed Exhibit 22). The trustee is also correct about the insufficiency of a listing price/offer received to establish fair market value for use on a Federal Estate Tax Return. The Court is also persuaded by his analysis of potential unexpected tax consequences from any attempt at re-valuing the apartment complexes and filing amended returns now. As the Court concluded after the trial, Elijah Stiny's estate tax return, and the certified appraisals on which it was based, establish the apartment complexes' fair market value. The Stiny grandchildren, therefore, have identified no unexplored claims worth pursuing. That issue is now closed.

* * *

The Court approves the trustee's issue-specific status reports, *Doc. 396 & 398*, as specified.

-3-

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 February 2025